W. HORTON ET AL. v. D. D. DAVIDSON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF ELK COUNTY.

Argued May 6, 1890—Decided May 19, 1890.

In ejectment, where, against a prima facie title in the plaintiff, the defendant relies entirely upon adverse possession, and his evidence is such as to show that his possession, though continuous for twenty-one years, was not adverse to the plaintiff's title, but in recognition of it, it is not error to instruct the jury to find for the plaintiff.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 90 January Term 1890, Sup. Ct.; court below, No. 120 May Term 1887, C. P.

On May 16, 1887, Walter Horton and Jerry Crary brought ejectment against D. D. Davidson, for a tract of 306 acres in Spring Creek township. The defendant filed a disclaimer as to 96 acres, leaving 210 acres in controversy. Issue.

At the trial on January 30, 1889, the plaintiffs showed title in the Bingham estate, and from said estate to themselves by contract of sale dated April 1, 1887. The defendant showed no title or color of title, but introduced testimony showing that he had gone upon the land in controversy in 1861 and cleared a part of it; had cleared another part in 1862, and built a fence to protect crops he had put in ; that he afterward put in an orchard and cleared other parts of the land; and that, although he had never resided upon the land, or paid taxes assessed against him thereon, he had exercised acts of ownership, of the

Arguments.

character mentioned, from 1861 to the beginning of the suit. The plaintiffs, in reply to the defence of adverse possession set up, put in evidence a letter from W. B. Clymer, the agent of the Bingham estate, dated December 16, 1865, in reply to a letter of a previous date from the defendant, the agent refusing to make a contract for the sale of the land to the defendant, but enclosing a lease of the same for one year. The reply of the defendant, dated January 13, 1866, to this letter, was also put in evidence, in which were given reasons why he would not execute the lease sent to him, and an offer to execute the lease if the term should be extended to two years instead of one.

At the close of the testimony, the defendant presented four points for instruction upon the subject of adverse possession for twenty-one years. The court, MAYER, P. J., refused the points presented, instructed the jury that under the evidence the defendant was not entitled to hold the lands in controversy by the title set up, under the statute of limitations, and that a verdict should be found for the plaintiffs. The jury returned a verdict for the plaintiffs. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal assigning for error the refusal of defendant's points and the instruction to the jury to find for the plaintiffs.

*Mr. W. S. Hamblen* and *Mr. C. H. M'Cauley* (with them *Mr. Fred. H. Ely*), for the appellant.

That the question was for the jury, counsel cited: Sidwell v. Evans, 1 P. & W. 383; Nerhooth v. Althouse, 8 W. 427; Cunningham v. Patton, 6 Pa. 355; Thompson v. Coal & Iron Co., 133 Pa. 46; Ormsby v. Ihmsen, 34 Pa. 472; Hill v. Epley, 31 Pa. 331; 3 Washb. on Real Prop., 88; Loucheim v. Heuszey, 77 Pa. 305; McKibbin v. Martin, 64 Pa. 352; Ferris v. Irons, 83 Pa. 179; Parks v. Smith, 94 Pa. 46. That defendant's letter did not operate as an estoppel: 3 Washb. on Real Prop., 81, 85, 83; Hill v. Epley, 31 Pa. 334; Dungan v. Trust Co., 52 Pa. 253; Commonwealth v. Moltz, 10 Pa. 532; Bell v. Hartley, 4 W. & S. 32; F. & M. Bank v. Wilson, 10 W. 261; McKinney v. Snyder, 78 Pa. 500.

*Mr. M. F. Elliott* (with him *Mr. C. H. Noyes* and *Mr. G. A. Rathbun*), for the appellees.

Counsel cited: Sailor v. Hertzogg, 2 Pa. 182; Miller v. Keene, 5 W. 348; Jackson v. Cuerdon, 2 Johns. Cas. 353; Jackson v. Croy, 12 Johns. 427; Jackson v. Britton, 4 Wend. 507; Read v. Thompson, 5 Pa. 331; Huffman v. McCrea, 56 Pa. 95.

PER CURIAM:

This was an action of ejectment in the court below. The defendant did not show any paper title, nor did he even allege that he had one. He defended upon the ground of adverse possession for twenty-one years. The learned judge below was of opinion that the evidence on the part of the defendant was not sufficient to sustain his claim, and so instructed the jury. As this ruling, if correct, was decisive of the case, the learned judge declined all of the defendant's points. In this we see no error. The evidence of adverse possession was clearly insufficient. Aside from this, there was a distinct recognition of plaintiffs' title by defendant in his letter to the attorney for the Bingham trustees. With the failure of this defence his points were of no importance.

Judgment affirmed.

